# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

VINCENT F. RIVERA,

    Petitioner,

vs.                                   Case No. 4:10cv97-MP/WCS

WALTER McNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and motion to proceed in forma pauperis. Docs. 1 and 2.

    Petitioner is currently incarcerated at Apalachee Correctional Institution, and challenges the judgment of the Eighth Judicial Circuit, in Bradford County, Florida. Doc. 1, p. 1. According to the website for the Florida Department of Corrections, Petitioner is serving a life sentence and a twenty year term imposed in 1991 by the Thirteenth Judicial Circuit, in Hillsborough County, and a 53 year sentence imposed in 1999 by the Circuit Court in Bradford County.

    Both Bradford and Hillsborough Counties are located in the Middle District of Florida. A challenge to either judgment would therefore be appropriate in this district

(Panama City Division) and the Middle District of Florida, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d). A challenge to a state conviction or sentence (as opposed to, *e.g.*, a challenge to the loss of sentence credit in a disciplinary proceeding) is generally transferred to the district of conviction as the most convenient and appropriate venue under § 2241(d). *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9 (11th Cir. 2001) (noting practice of the district courts in Georgia, to transfer petitions to the district of conviction under § 2241(d)).

Indeed, Petitioner Rivera previously filed in this district a § 2254 petition challenging the same conviction out of Bradford County, and it was transferred to the Middle District of Florida. *See* 4:01cv266-SPM, docs. 2, 3, and 6 (report and recommendation, as adopted by the court, and acknowledgment of receipt indicating the case was assigned number 3:01cv1040-J-20TEM in the Middle District).[1]

The Middle District ultimately dismissed the transferred § 2254 petition without prejudice for Petitioner's failure to exhaust state court remedies, noting that dismissal without prejudice did not excuse Petitioner from the one year limitations period of 28 U.S.C. § 2244(d). Docs. 7 and 8 in 3:01cv1040-J-20TEM, entered on the docket on September 18, 2001.[2] Petitioner filed a number of motions and notices of appeal

---

[1] Petitioner continued in this court by filing motions and notices of appeal after the case had been transferred; *see* docs. 7, 8, 10, 11, 16, 19, and 27 in that file.

[2] Dockets and electronically filed documents of other district courts are available on PACER (Public Access to Court Electronic Records). This court's files are available in ECF (electronic case filing).

following dismissal. *See* docs. 9, 13, 14, 16, 17, 19, 21, 23, 24, 29 in that file. Finally, the Middle District entered an order taking "judicial notice of the multitude of frivolous cases and appeals that Petitioner Rivera has filed in this court," and declared it would not entertain any more post judgment motions in that case. Doc. 28 in that file (entered on December 4, 2003, directing the clerk to terminate all motions presently pending or filed in the future).[3]

Another § 2254 petition challenging the judgment in Bradford County was dismissed without prejudice by the Middle District as a sanction, for Petitioner's failure to disclose a previous challenge to the same judgment and conviction. Doc. 3 in Middle District case number 3:00cv149-J-21A (referencing case number 3:00cv63-J-21A[4]). It was noted that dismissal without prejudice did not excuse Petitioner from the one year limitations period. Petitioner filed a number of motions and notices of appeal following dismissal. *See* docs. 5, 7, 8, 12, 14, 16, 19, 22, 24, and 27 in that case. By order entered on January 5, 2004, the court took "judicial notice of the multitude of frivolous cases and appeals" filed by Petitioner, and directed the clerk to terminate all motions presently pending or filed in the future in that case. Doc. 28 in that file.

---

[3] *See also* Rivera v. State, 728 So.2d 1165, 1166 (Fla. 1998) ("Rivera has flooded the courts with frivolous petitions, appeals, and other filings requesting relief to which he was not entitled.").

[4] That petition was dismissed without prejudice as Petitioner indicated he had a direct appeal and a petition for writ of mandamus pending in state court. Doc. 3 in that case. As in his other cases, Petitioner filed a number of motions and notices of appeal following dismissal. *See* docs. 5, 7, 10, 12, 14, 17, 19, 22, 25, 26, 28, 31, 32 in that case. By order entered on January 28, 2005, the court took judicial notice of the frivolous cases and appeals, and directed the clerk to terminate all motions presently pending or filed in the future in that case.

This is a small sample of Petitioner Rivera's § 2254 history. A search of his name in PACER, limited to just § 2254 petitions filed in Florida, produces a list of 58 cases.[5] The petitions were mostly in the Middle District, but some were filed here and in the Southern District. Although a few may, like the case noted above, be doubly represented as a second case number was assigned upon transfer,[6] Petitioner has clearly filed many petitions.

On the § 2254 form filed here, there is space on the form asking whether "you previously filed a § 2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court," and if so to "provide the name of the court, case number, and result (including the result of any appeal)." Doc. 1, p. 3. Petitioner indicated "yes," and provided this information: "Middle District of Florida, US District Court." *Id.* He did not indicate multiple filings, or case numbers, or results, and did not indicate cases filed here and in the Southern District.

As noted above, at least one of Petitioner's cases in the Middle District was dismissed for failing to set forth his prior petitions on the form. The court said that

---

[5] The court has reviewed many although not all of the dockets in those cases. It is not clear that Petitioner has ever had § 2254 relief denied on the merits or with prejudice, so it is unknown whether he would need authorization from the Eleventh Circuit to file a second or successive § 2254 petition. A § 2254 petition was denied in 1998 by the Middle District, Tampa Division (presumably as to the Hillsborough County conviction), but given the age of the case the relevant documents were not scanned into ECF. The docket reflects that the court entered an order to show cause for Petitioner to overcome the procedural bar, and the petition was subsequently dismissed without indication that it was with or without prejudice. Docket entries 6-9 in case number 8:97cv2897-T-17A.

[6] *See, e.g.*, Southern District case number 1:97cv3612-CIV-GOLD, transferred to the Middle District and assigned case number 8:97cv2897-T-17A.

> Petitioner must be forced to conform to acceptable standards in approaching this Court. The Court will not tolerate incomplete or false responses and / or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and / or responses made, it threatens the quality of justice. Here, Petitioner has incompletely and falsely responded to [the question regarding prior petitions].

Doc. 3 in 3:00cv149-J-21A.

Petitioner has again failed to accurately complete the § 2254 form. Given his prior history, it is clear that Petitioner is aware of the proper venue for his petition, of the need to include complete and accurate information on the petition form, of the time limit for filing, and the exhaustion requirements. It may be that he is filing in this court because of his history of frivolous filings in the Middle District. Transfer of the § 2254 petition to that district is not appropriate or necessary.

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The court may direct parties to file argument on whether a certificate should issue. *Id.* Denial of a certificate of appealability is not appealable, but a certificate may be sought from the court of appeals pursuant to Fed.R.App.P. 22. A motion to reconsider denial of a certificate does not extend the time to appeal. A timely notice of appeal must be filed even if the court issues a certificate of appealability. § 2255 11(b).

There is no substantial showing of the denial of a constitutional right, and a certificate of appealability should not issue. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to

satisfy this showing) (citation omitted).  If Petitioner wishes to submit argument as to why a certificate should issue he shall do so by filing objections to this recommendation within the time set forth below.

Petitioner's motion to proceed in forma pauperis in this court is granted by separate order for purposes of dismissal.  Leave to proceed in forma pauperis should be denied for any appeal.[7]

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging the judgment out of Bradford County, Florida, be **SUMMARILY DISMISSED**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).  It is further **RECOMMENDED** that the court **CERTIFY** that any appeal is not taken in good faith and Petitioner is otherwise not entitled to proceed in forma pauperis on appeal.

**IN CHAMBERS** at Tallahassee, Florida, on March 18, 2010.


                s/    William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[7] Where a party was permitted to proceed in forma pauperis here he may so proceed on appeal unless, before or after an appeal is filed, this court certifies that an appeal is not taken in good faith or the party is not otherwise entitled to proceed in forma pauperis.  Fed.R.App.P. 24(a)(3).

Case No. 4:10cv97-MP/WCS