IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VINCENT F RIVERA,

        Petitioner,

v.                                   CASE NO. 4:10-cv-00097-MP-WCS

WALTER MCNEIL,

        Respondent.

_____/

## **O R D E R**

      This matter is before the Court on Report and Recommendation, Doc. 6. The Magistrate, after a very extensive review of this case and previous and related cases filed by the same petitioner, has recommended that the current petition be summarily dismissed, and a certificate of appealability denied. The Magistrate also recommends the Court certify that any appeal is not taken in good faith. Petitioner objects generally, claiming the "Report and Recommendation is a total farce and a mockery of justice. It flies in the face of the spirit of the law itself. Because it compliments illegal state action with judicial propaganda. So that the net result is a flagrant denial of the First Amendment right of access to the courts. And for obvious reasons." Doc. 7. This Court reviews such objected-to Recommendation *de novo*.

      Because Mr. Rivera dedicates most of his objection to his complaints about the United States Courts and their alleged complicity with the State of Florida and the Prison-Industrial

Complex, this Court must look to the record to determine the merit of Mr. Rivera's petition. The record, both of Mr. Rivera's underlying conviction and his previous efforts to overturn it, is quite extensive. Because Mr. Rivera's objection to the Report and Recommendation does not allege any new pertinent facts or arguments, the text of the objection need not be discussed at length to reach the correct conclusion.

Petitioner is currently incarcerated at Apalachee Correctional Institution, and challenges the judgment of the Eighth Judicial Circuit, in Bradford County, Florida. Doc. 1, p. 1. According to the website for the Florida Department of Corrections, Petitioner is serving a life sentence and a twenty year term imposed in 1991 by the Thirteenth Judicial Circuit, in Hillsborough County, and a 53 year sentence imposed in 1999 by the Circuit Court in Bradford County. Petitioner Rivera previously filed in this district a § 2254 petition challenging the same conviction out of Bradford County, and it was transferred to the Middle District of Florida. *See* 4:01cv266-SPM, Docs. 2, 3, and 6 (report and recommendation, as adopted by the court, and acknowledgment of receipt indicating the case was assigned number 3:01cv1040-J-20TEM in the Middle District).[1]

The Middle District ultimately dismissed the transferred § 2254 petition without prejudice for Petitioner's failure to exhaust state court remedies, noting that dismissal without prejudice did not excuse Petitioner from the one year limitations period of 28 U.S.C. § 2244(d). Docs. 7 and 8 in 3:01cv1040-J-20TEM, entered on the docket on September 18, 2001. Petitioner filed a number of motions and notices of appeal following dismissal. See Docs. 9, 13, 14, 16, 17, 19, 21, 23, 24, 29 in that file. Finally, the Middle District entered an order taking "judicial notice of the multitude of frivolous cases and appeals that Petitioner Rivera has filed in this court," and

---

[1] Petitioner continued in this court by filing motions and notices of appeal after the case had been transferred; see docs. 7, 8, 10, 11, 16, 19, and 27 in that file.

declared it would not entertain any more post judgment motions in that case. Doc. 28 in that file (entered on December 4, 2003, directing the clerk to terminate all motions presently pending or filed in the future).[2]

On the § 2254 form filed here, there is space on the form asking whether "you previously filed a § 2254 petition, or other pleading regarding the validity of your state court confinement, in any federal court," and if so to "provide the name of the court, case number, and result (including the result of any appeal)." Doc. 1, p. 3. Petitioner indicated "yes," and provided this information: "Middle District of Florida, US District Court." Id. He did not indicate multiple filings, or case numbers, or results, and did not indicate cases filed here and in the Southern District.[3]

As noted above, at least one of Petitioner's cases in the Middle District was dismissed for failing to set forth his prior petitions on the form. The court said that

> Petitioner must be forced to conform to acceptable standards in approaching this Court. The Court will not tolerate incomplete or false responses and / or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and / or responses made, it threatens the quality of justice. Here, Petitioner has incompletely and falsely responded to [the question regarding prior petitions].

Doc. 3 in 3:00cv149-J-21A.

Petitioner has again failed to accurately complete the § 2254 form. Given his prior history, it is clear that Petitioner is aware of the proper venue for his petition, of the need to

---

[2] *See also* Rivera v. State, 728 So.2d 1165, 1166 (Fla. 1998) ("Rivera has flooded the courts with frivolous petitions, appeals, and other filings requesting relief to which he was not entitled.").

[3] *See, e.g.*, Southern District case number 1:97cv3612-CIV-GOLD, transferred to the Middle District and assigned case number 8:97cv2897-T-17A.

include complete and accurate information on the petition form, of the time limit for filing, and the exhaustion requirements. It may be that he is filing in this court because of his history of frivolous filings in the Middle District. Transfer of the § 2254 petition to that district is not appropriate or necessary.

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The court may direct parties to file argument on whether a certificate should issue. *Id.* Denial of a certificate of appealability is not appealable, but a certificate may be sought from the court of appeals pursuant to Fed.R.App.P. 22.

Here, as there is no substantial showing of the denial of a constitutional right, a certificate of appealability should not issue. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Additionally, under Rule 24(a)(3) of the Federal Rules of Appellate Procedure, a party who was permitted to proceed *in forma pauperis* at the district-court level may proceed *in forma pauperis* on appeal without further authorization, unless the Court certifies that the appeal is not taken in good faith. An appeal is taken in good faith if it presents "legal points arguable on their merits (and therefore not frivolous)." Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see also* Busch v. County of Volusia, 189 F.R.D. 687, 692-93 (M.D. Fla. 1999). None of Mr. Rivera's points are arguable on their legal merits.

Also, this Court joins the several others who have already taken judicial notice of Mr. Rivera's numerous frivolous filings. Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge, Doc. 6, is ADOPTED and incorporated herein.

2.      This petition is SUMMARILY DISMISSED, and a certificate of appealability is DENIED pursuant to § 2254 Rule 11(a).

3.      The Court certifies that any appeal taken from this ruling is in bad faith, such that Mr. Rivera may not proceed *in forma pauperis* on appeal.

4.      The Clerk is directed to require the full filing fee for all future filings from Mr. Rivera unless danger of imminent bodily harm is alleged.

**DONE AND ORDERED** this   *2nd*day of April, 2010

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge